Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Mel M. Marin appeals pro se from the district court's judgment affirming the bankruptcy court's order confirming the Chapter 11 Trustee's Plan of Liquidation for the bankruptcy estate of Milivoj Marinkovic. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo the district court's decision. *Suncrest Healthcare Ctr. LLC v. Omega Healthcare Investors, Inc. (In re Raintree Healthcare Corp.)*, 431 F.3d 685, 687 (9th Cir.2005). We dismiss.

Marin lacks standing to appeal the order confirming the liquidation plan because he failed to appear at the confirmation hearing despite having notice of the hearing date and of the proposed plan. *See Brady v. Andrew (In re Commercial W. Fin. Corp.)*, 761 F.2d 1329, 1335 (9th Cir.1985) (explaining that attendance at the confirmation hearing and objection to the plan are prerequisites for standing to appeal the order confirming the plan unless the trustee fails to provide notice that the plan avoids the appellant's interests).

Marin's motion to consolidate Appeal Nos. 07–15616, 07–15908, and 07–17281 is denied.

**DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Saladin **RUSHDAN, aka Robert Woods,** Plaintiff—Appellant,

v.

**T. PERBULA, Counselor at CMF Vacaville; et al., Defendants–Appellees.**

No. 07–15244.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 25, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Saladin Rushdan, Represa, CA, pro se.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Saladin Rushdan, a California state prisoner, appeals pro se from the district court's judgment dismissing, for lack of subject matter jurisdiction, his action alleging Eighth Amendment violations under 42 U.S.C. § 1983 and breach of a settlement agreement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Alvarado v. Table Mountain Rancheria,* 509 F.3d 1008, 1015 (9th Cir.2007), and we vacate and remand.

The district court had federal question jurisdiction because the first amended complaint asserted an Eighth Amendment claim for deliberate indifference under section 1983. *See* 28 U.S.C. § 1331. Because the court had original jurisdiction over the Eighth Amendment claim, it may have had supplemental jurisdiction over the claim for breach of the settlement agreement. *See* 18 U.S.C. § 3626(c), (g)(1), (g)(6) (distinguishing between "consent decrees" and "private settlement agreements" in actions concerning prison conditions, and explaining that only "private settlement agreements" are not enforceable in federal court). Further, venue was proper in the Eastern District of California because the alleged acts and omissions giving rise to the claims occurred in that district. *See* 28 U.S.C. § 1391(b).

**VACATED and REMANDED.**